[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this real estate tax appeal, the plaintiff, J. Yancey Brame, challenges the valuation of his property located at 143 Main Street, Plymouth, on the grand lists of October 1, 1997, 1998, and 1999. On the last revaluation of real estate in Plymouth on October 1, 1993, the assessor valued the plaintiffs property at 143 Main Street at $571,740. CT Page 12583 The plaintiff appealed the assessor's valuation to the Board of Assessment Appeals ("Board"). The Board denied the plaintiff relief, and the plaintiff appeals to this court pursuant to General Statutes §12-117a.
On October 1, 1993, the subject property was being used as a nonconforming manufacturing facility in a commercial zone located in the center of Plymouth. The site contains 2.66 acres of land with a frontage of 185 feet on Main street and going back approximately 400 feet. The front portion of the subject building was built in 1919, with additions made to the rear in three stages in 1962, 1966 and in 1978. The building contains 16,801 square feet of gross building area.
The plaintiffs appraiser, Barry J. Cunningham, used only the market sales approach to find value, contending that the subject building was too old to use the cost approach and there were inadequate comparable rental properties to use the income approach to determine value on October 1, 1993. We agree with Cunningham that the subject building would have substantial physical and functional depreciation, which would make the cost approach meaningless. Cunningham concluded, based upon the market sales approach, that the fair market value of the subject property on October 1, 1993 was $260,000.
The town's appraiser, James Calciano, used the market sales approach and the income approach to arrive at a fair market value of the subject premises as of October 1, 1993. Calciano determined that the fair market value of the subject using the market approach was $420,025 and that the fair market value of the subject using the income approach was $375,000. After weighing both approaches, Calciano concluded that the fair market value of the subject as of October 1, 1993 was $400,000.
Both appraisers concluded that the highest and best use of the property as of October 1, 1993 was its continued use as a manufucturing facility. We agree.
The first comparable used by Cunningham contained a building located on Park Street in Bristol. The front of the building at this address was an ice cream parlor, while the remainder of the building contained a flea market. Cunningham's second comparable was located in an industrial area in Bristol which sold for $25.29 per square foot of gross building area in May of 1993. This building was much newer than the subject building, with higher ceilings and better quality space. This sale was also utilized by Calciano in his analysis based on the market approach. Cunningham's third comparable was impacted by environmental problems. Calciano looked at two other properties that included much newer buildings located in an industrial park. We do not find any of these CT Page 12584 sales to be sufficiently comparable to the subject property to provide a basis for determining the fair market value of the property based upon the market approach.
After reviewing the comparable sales of both Cunningham and Calciano, we conclude that the most credible approach to determine the fair market value of the subject premises as of October 1, 1993 is the income approach. The only credible evidence that we have of value using the income approach is that provided by Calciano. We therefore adopt Calciano's analysis using the income approach as the most credible approach and conclude that the fair market value of the subject premises as of October 1, 1993 was $375,000.
Judgment may enter in favor of the plaintiff without costs to either party. The assessor shall reduce the fair market value of the property in accordance with this opinion beginning with the October 1, 1997 grand list until the next town wide revaluation.
Arnold W. Aronson Judge Trial Referee